IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FELICIA OWENS DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-00684-KD-N |
| | ) | |
| CITY OF SELMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This action is before the undersigned Magistrate Judge on a motion to dismiss (doc. 12) filed by Tanya Miles, a defendant herein. This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the motion, plaintiff's counsel's declaration on February 11, 2010 (doc. 18)[1] that he "has no objections to the dismissal of Tanya Miles," and all pertinent portions of the record, it is recommended that the motion to dismiss be **granted**.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Felicia Owens Dixon, filed this lawsuit in the Circuit Court of Dallas County, Alabama on September 15, 2009. (Doc. 1). The action was removed to this Court pursuant to 28 U.S.C. § 1443 by all of the defendants, except Tanya Miles[2], on

---

[1]This declaration was made in counsel's response (doc. 18) to the Court's show cause Order entered on January 28, 2010 (doc. 14) regarding plaintiff's failure to respond to Tanya Miles' motion to dismiss by the January 15th deadline established in the Court's Order of December 18, 2009 (doc. 12).

[2]According to the removing defendants, Notice of the removal was served on Tanya Miles by U.S. mail "at the address at which Ms. Miles was served with Plaintiff's Complaint."

October 16, 2009, on the grounds that plaintiff's claims were exclusively federal causes of action under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff claims that she was arrested by the Defendants on August 28, 2008, without probable cause, charged with endangering the welfare of a child and carrying a pistol without a permit, detained for approximately 30 hours prior to her release on bond pending arraignment, and the charges against her were subsequently dropped.

Ms. Miles filed her motion to dismiss (doc. 12) on December 18, 2009. The motion is predicated on the contention that plaintiff's complaint fails to state a cause of action against Ms. Miles under 42 U.S.C. § 1983 because Ms. Miles is not a police officer and plaintiff has made no allegation either that Ms. Miles committed any specific act which deprived plaintiff of her federal civil rights, or that Ms. Miles did so under color of state law.

II.     STANDARD OF REVIEW.

Prior to Bell Atlantic v. Twombly, 550 U.S. 544 (2007), a court could only dismiss a complaint "if it is was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," language set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This language as it relates to the Rule 12(b)(6) standard was expressly rejected in Twombly wherein the Supreme Court set forth the following standard regarding a court's determination of the sufficiency of pleading such as is in

---

(Doc. 1 at ¶ 14). There is no evidence that Ms. Miles had actually been served or appeared in the action at the time of removal.

2

issue in this case:

> Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citation omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [citation omitted]. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. at 555. The Supreme Court emphasized, however, that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. The Supreme Court recently reinforced the Twombly standard in Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949-50 (2009). The Court reiterated that a claim is insufficiently pled if it offers only "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 U.S. at 557. The Iqbal Court explained:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

3

>complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

Iqbal, 129 S.Ct. at 1949-50 (citation and internal punctuation omitted). *See also*, Phillips v. County of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct'."), *quoting* Twombly, 550 U.S. at 553, n. 8. *See also*, Sinaltrainal v. Coca-Cola Co., 2009 WL 2431463 (11th Cir. Aug. 11, 2009)("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss [*citing* Iqbal, 129 S.Ct. at 1949] [and] [t]he well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" [*quoting* Twombly, 550 U.S. at 570]").

It is also important to note that "[a] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." McTernan v. City of York, Pennsylvania, 564 F.3d 636, 646 (3rd Cir. 2009), *quoting*, Phillips, 515 F.3d at 231, in turn *quoting*, Twombly, 550 U.S. at 553, n. 8. The Supreme Court's Twombly formulation of the pleading standard "'does not impose a probability requirement at the pleading stage,'" but instead "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the necessary element." *Id.*, *quoting* Phillips, 515 F.3d at 234, in turn *quoting*, Twombly, 550 U.S. at 556. *See also*, Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that the language of § 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)).

4

III.     DISCUSSION.

"Section 1983 permits a plaintiff to obtain civil damages from any person who deprives him of constitutional rights, so long as that person is acting under color of state law." Rylee v. Chapman, 316 Fed. Appx. 901, 906 (11th Cir. 2009) *citing,* 42 U.S.C. § 1983.  In order to prevail on her § 1983 claim, plaintiff must establish that: (1) the conduct complained about was committed by a person acting under color of state law; and (2) the conduct complained about deprived the plaintiff of a constitutional right. Balistreri v. Pacifica Police Dept., 901 F.2d 696 , 699 (9th Cir. 1990), *citing inter alia,* Parratt v. Taylor, 451 U.S. 527, 535 (1981)("[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.)

As applied to the case at bar, plaintiff has asserted **no** facts regarding any conduct by Ms. Miles which might be said to constitute misconduct upon which plaintiff could predicate any entitlement to relief under § 1983.  In her Complaint, plaintiff does no more than describe Defendant Tanya Miles as being "a resident of Selma[,] Alabama and is over the age of nineteen years." Complaint (Doc. 1) at ¶ 4.  Plaintiff does not include Ms. Miles in the paragraph in which certain other defendants are identified as police officers employed by the City of Selma and Ms. Miles emphatically states that she is not a police officer.  Further, plaintiff makes clear in her complaint that the conduct about which she

is complaining, namely her arrest and detention, was committed only by the police officers she named as defendants. Consequently, Ms. Miles is entitled to have plaintiff's complaint against her dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated above, it is recommended that the motion to dismiss filed by Tanya Miles (doc. 12) be **granted** and the complaint against Ms. Miles **dismissed without prejudice** pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

The instructions which follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

**Done** this 24th day of February, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**


MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything

in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this 24th day of February 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE