# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **FELICIA OWENS DIXON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-684-KD-N |
| | ) | |
| **CITY OF SELMA, JEFFERY HARDY,** | ) | |
| **BEAUTY BENJAMIN, RAY BLANKS,** | ) | |
| **WILLIE BILLINGSLEY, FREDERICK** | ) | |
| **WALKER, and SCOTT SWANSON,** | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated November 12, 2010, is **ADOPTED** as the opinion of this Court.

The Court has reviewed the plaintiff's objections and the defendants' response (docs. 43, 44, 46). The plaintiff argues that there is factual dispute regarding whether the guns were in plain view and at what point she told the officers that she had a permit for the gun. The Court finds that even if a factual dispute exists as to whether the weapons were in plain view and at what point plaintiff stated that she had a gun permit, there are still enough uncontested facts to support a finding that the officers had probable cause for the arrest for endangering the welfare of a child, i.e., that citizens complained to the Selma Police Department that shots were fired from a van pulling a trailer containing a sofa, that witnesses identified plaintiff and her husband as persons occupying the van from which the shots were fired, and that plaintiff admitted that she

and her husband were driving around the City of Selma in the van with plaintiff's five year old daughter inside.

In the objection, plaintiff also argues that "[b]ecause summary judgment was recommended by the Magistrate on all federal claims in this case, the court should decline, pursuant to 28 U.S.C. Section 1367(c)(3), to exercise supplemental jurisdiction over the remaining state law claims." (doc. 44, p. 8). However, no cognizable state law claims are alleged in the complaint or identified in the objection to the Report and Recommendation. Plaintiff simply states that "[t]his action is brought for damages and other appropriate relief under 42 U.S.C. § 1983 for violation of the Plaintiff's civil rights under color of state law and Article I, § 6, 7 of the Constitution of Alabama 1901." (doc. 1-1, p. 1).

Section 6, is captioned "Rights of persons in criminal prosecutions generally; self-incrimination; due process of law; right to speedy, public trial; change of venue", and states as follows:

> That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either; to demand the nature and cause of the accusation; and to have a copy thereof; to be confronted by the witnesses against him; to have compulsory process for obtaining witnesses in his favor; to testify in all cases, in his own behalf, if he elects so to do; and, in all prosecutions by indictment, a speedy, public trial, by an impartial jury of the county or district in which the offense was committed; and he shall not be compelled to give evidence against himself, nor be deprived of life, liberty, or property, except by due process of law; but the legislature may, by a general law, provide for a change of venue at the instance of the defendant in all prosecutions by indictment, and such change of venue, on application of the defendant, may be heard and determined without the personal presence of the defendant so applying therefor; provided, that at the time of the application for the change of venue, the defendant is imprisoned in jail or some legal place of confinement.

Ala.Const. Art. I, § 6.

Section 7, is captioned " Accusation, arrest and detention; punishment limited to laws established prior to offense", and states as follows:

> That no person shall be accused or arrested, or detained, except in cases ascertained by law, and according to the form which the same has prescribed; and no person shall be punished but by virtue of a law established and promulgated prior to the offense and legally applied.

Ala. Const. Art. I, § 7.

Either section may form the basis for various state law claims, e.g., false imprisonment, false arrest, or malicious prosecution. However, plaintiff has failed to allege any of these state law claims. Plaintiff's conclusory allegation that her rights under the Alabama Constitution have been violated is not sufficient to state a claim or a cause of action but instead is simply plaintiff's legal conclusion. Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The Court also notes that to the extent any of these claims were alleged, plaintiff would be collaterally stopped from proceeding on these claims in state court. See Walker v. City of Huntsville, - - - So. 3d - - -, 2010 WL 3798070 (Ala. Sept. 30, 2010) (slip opinion).

Accordingly, it is **ORDERED** that defendants' motion for summary judgment be **GRANTED** and that judgment be entered in favor of each of the defendant, the City of Selma, Jeffery Hardy, Beauty Benjamin, Ray Blanks, Willie Billingsley, Frederick Walker and Scott Swanson, and against the plaintiff, Felicia Owens Dixon, the plaintiff to have and recover nothing of these defendants.

**DONE** this 7th day of December, 2010.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE
